IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

**Case No. 3:17-cv-269**

NICK DUVALL, individually and on behalf
of all others similarly situated,
Plaintiff

v.


AMERICAN NATIONAL INSURANCE
COMPANY,
Defendant

_____/

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NICK DUVALL ("Plaintiff"), individually and on behalf of all other persons similarly

situated, brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against

Defendant AMERICAN NATIONAL INSURANCE COMPANY ("Defendant"), to stop

Defendant's practice of making illegal telemarketing calls to the telephones of consumers

nationwide and to obtain redress for all persons injured by their conduct.  Plaintiff, for his

Complaint, alleges as follows upon personal knowledge as to himself and his own acts and

experiences, and, as to all other matters, upon information and belief, including investigation

conducted by his attorney.

### INTRODUCTION

1.      Plaintiff brings this class action against Defendant to secure redress because it

willfully violated the TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C § 227, *et seq.*

by causing unsolicited calls to be made to Plaintiff's and other class members' cellular telephones

through the use of an auto-dialer and/or artificial or pre-recorded or artificial voice message.

2.      Defendant made or caused to be made one or more unauthorized calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") or pre-recorded voice for the purpose of soliciting business from Plaintiff.

3.      The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case.

4.      In response to Defendant's unlawful conduct, Plaintiff files the instant complaint seeking an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers' cellular telephones without first obtaining their express written consent, and an award of statutory damages to the members of the Class under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

5.      Plaintiff NICK DUVALL is a natural person and citizen of Tahlequah, Oklahoma.

6.      Defendant AMERICAN NATIONAL INSURANCE COMPANY is a corporation organized under the laws of the State of Florida. Defendant maintains its principle place of business in Galveston, Texas, and may be served with process by serving its Chief Executive Officer, James E. Pozzi, at One Moody Plaza, 1 Moody Avenue, Galveston, TX 77550-7947.

7.      Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors,

vice-principals, agents, servants, or employees.

## JURISDICTION & VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

9.      The Court has personal jurisdiction over Defendant because Defendant is a resident of this District and it maintains its principal office in this District.  Furthermore, exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

10.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, and at least one member of the putative class is a citizen of a state different from Defendant.  Furthermore, the Plaintiff Class consists of at least one hundred members.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of this District.

12.     Defendant is subject to specific personal jurisdiction in this District because it has continuous and systematic contacts with this District through its telemarketing campaign that targets this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

## LEGAL BASIS FOR THE CLAIMS

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing…can

be an intrusive invasion of privacy…"  Telephone Consumer Protection Act of 1991, Pub. L. No.

102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

14.    Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the

use of automated telephone equipment. The TCPA limits the use of automatic dialing systems,

artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies

several technical requirements for fax machines, autodialers, and voice messaging systems—

principally with provisions requiring identification and contact information of the entity using the

device to be contained in the message.

15.    In its initial implementation of the TCPA rules, the FCC included an exemption to

its consent requirement for prerecorded telemarketing calls.  Where the caller could demonstrate

an "established business relationship" with a customer, the TCPA permitted the caller to place pre-

recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective

October 16, 2013, eliminate this established business relationship exemption.  Therefore, all pre-

recorded telemarketing calls to residential lines and all ATDS calls to wireless numbers violate the

TCPA if the calling party does not first obtain express written consent from the called party.

16.    As of October 16, 2013, unless the recipient has given prior express written

consent,[1] the TCPA and Federal Communications Commission (FCC) rules under the TCPA

generally:

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.  47 C.F.R. § 64.1200(f)(8).

- Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibits solicitations that use an artificial voice or a recording.

- Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibits autodialed calls that engage two or more lines of a multi-line business.

- Prohibits unsolicited advertising faxes.

- Prohibits certain calls to members of the National Do Not Call Registry.

17.     Furthermore, in 2008, the FCC issued a Declaratory Ruling reiterating that "a company on whose behalf a telephone call is made bears the responsibility for any violations."  In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, 23 FCC Rcd 559, 564-65 (¶ 10) (2008).  This ruling specifically recognized "on behalf of " liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b).

18.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## COMMON FACTUAL ALLEGATIONS

19.     Defendant is a large insurance company operating in Texas and serving customer through interstate commerce.  Unfortunately for consumers, Defendant utilized (and continues to utilize) a sophisticated telephone dialing system to call individuals *en masse* promoting its products.  On information and belief, Defendant obtained these telephone numbers (*i.e.*, leads) by purchasing marketing lists containing consumers' telephone numbers.  Indeed, Plaintiff himself has never provided Defendant his telephone number.

20.     In Defendant's overzealous attempt to market its products, it placed (and continues to place) phone calls to consumers who never provided consent to call and to consumers having no relationship with Defendant. Worse yet, Defendant knowingly made (and continues to make) these telemarketing calls without the prior express written consent of the call recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF NICK DUVALL

21.     Defendant contacted Plaintiff on his cellular telephone number *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), on throughout the months of July and August 2017, without first obtaining Plaintiff's prior express written consent.

22.     During July and August, Plaintiff received at least one call nearly every weekday, from the number 443-505-7229 on his cellular line.

23.     Plaintiff received all calls described above on his cellular telephone assigned a number ending in 5772.

24.     On each occasion that Plaintiff answered the calls, he heard a robotic message on the other end of the line with an option to "press one" to connect Plaintiff to a representative who

would attempt to sell Plaintiff health insurance, and another option to "press nine" to be placed on the do not call list. Plaintiff pressed nine but continued to receive automated calls within hours or on the next day of business. Plaintiff pressed nine repeatedly, and the calls continued.

25.    Plaintiff eventually pressed one to speak with a representative to ask that the representative remove Plaintiff from their call list and stop calling. Plaintiff continued to receive calls and over time spoke with numerous agents asking to be removed from the call list.

26.    Plaintiff always explained to Defendant's representative that he was not interested in any deals or promotions and that he did not wish to be called anymore.  Despite Plaintiff's requests, Defendant continued to place calls to Plaintiff's phone.

27.    At the time of the calls, Plaintiff did not have a business relationship with Defendant.  Indeed, he had never had any business relationship with Defendant.

28.    Plaintiff felt the calls were an intrusion and wanted Defendant to stop calling.

29.    It was obvious to Plaintiff that Defendant was engaged in a marketing campaign wherein Defendant contacted a large number of consumers using an autodialer.

30.    Plaintiff believes his number was dialed randomly or from a database obtained by Defendant, because Plaintiff never contacted Defendant or authorized Defendant to contact his.

31.    Plaintiff believed Defendant called his cellular telephone using an ATDS because Plaintiff received a large number of calls, indicating to Plaintiff based on his experience, that his cell phone number was stored in an electronic database or he was randomly dialed.  On information and belief, Defendant called Plaintiff on all occasions.

32.    On information and belief, Defendant utilized an automated system to call Plaintiff on every occasion.

33.     On information and belief, and based on the circumstances of the all the calls, Defendant called Plaintiff using an ATDS.

34.     Plaintiff understood the purpose of Defendant's calls was to solicit business from Plaintiff.

35.     Plaintiff is the exclusive user of the telephone assigned the number ending in 5772.

36.     Plaintiff did not provide Defendant with prior express written consent to call his telephone.

37.     Plaintiff has reason to believe Defendant has called, and continues to call, thousands of wireless telephone customers to market its products and services.

38.     Plaintiff's overriding interest is ensuring Defendant cease all illegal telemarketing practices and compensates all members of the Plaintiff Class for invading their privacy in the manner the TCPA was contemplated to prevent.

39.     In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and a class of similarly situated individuals, brings suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited voice and text calls to wireless and residential phones.

40.     On behalf of the Plaintiff Class, Plaintiff seeks an injunction requiring Defendant to cease all wireless telemarketing and spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## STANDING

41.     Plaintiff has standing to bring this suit on behalf of himself and the members of the class under Article III of the United States Constitution because Plaintiff's claims state: (a) a valid injury in fact; (b) an injury which is traceable to the conduct of Defendant; and (c) is likely to be

redressed by a favorable judicial decision.  *See Spokeo v. Robins*, 578 U.S. __ (2016) at 6; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

A.      **INJURY IN FACT**

42.      Plaintiff's injury must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution.  *(Id.)*

43.      For an injury to be concrete it must be a de facto injury, meaning it actually exists. In the present case, Plaintiff took the affirmative step of enrolling himself on the National Do-Not-Call Registry for the purpose of preventing marketing calls to his telephone.  Such telemarketing calls are a nuisance, an invasion of privacy, and an expense to Plaintiff.  *See Soppet v. enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).  All three of these injuries are present in this case.

44.      Furthermore, the Third Circuit recently stated, Congress found that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients," *Van Patten*, 847 F.3d at 1043, and sought to protect the same interests implicated in the traditional common law cause of action. Put differently, Congress was not inventing a new theory of injury when it enacted the TCPA. Rather, it elevated a harm that, while "previously inadequate in law," was of the same character of previously existing "legally cognizable injuries." *Spokeo*, 136 S.Ct. at 1549. *Spokeo* addressed, and approved, such a choice by Congress.  *Susinno v. Work Out World Inc.,* No. 16-3277, 2017 WL 2925432, at \*4 (3d Cir. July 10, 2017).

45.      For an injury to be particularized means that the injury must affect the plaintiff in a personal and individual way.  *See Spokeo* at 7.  In the instant case, Defendant placed calls to Plaintiff's phone, and Plaintiff himself answered.  It was Plaintiff's personal privacy and peace

that Defendant invaded by placing the calls to his phone.  Furthermore, Plaintiff is the person who pays for the phone, and is the regular carrier and user of the phone.  All of these injuries are particular to Plaintiff.

**B.      TRACEABLE TO THE CONDUCT OF DEFENDANT**

46.      Plaintiff must allege at the pleading stage of the case facts to show that his injury is traceable to the conduct of Defendant.  In this case, Plaintiff satisfies this requirement by alleging that Defendant, and/or agent of Defendant on behalf of Defendant, placed illegal calls to Plaintiff's phone.

**C.      INJURY LIKELY TO BE REDRESSED BY A FAVORABLE JUDICIAL OPINION**

47.      The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.  In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.  Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

48.      Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins,* 578 U.S. ___ (2016), Plaintiff has standing to sue Defendant on the stated claims.

## CLASS ACTION ALLEGATIONS

**A.      CLASS ALLEGATIONS**

49.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2),

and (b)(3) on behalf of himself and the following classes defined as follows (the "Class"):

**Autodialer Class:**  All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular telephone through the use of an automatic telephone dialing system or any other device having the capacity to dial numbers without human intervention, from October 16, 2013 to the date that class notice is disseminated, where Defendant's records fail to indicate prior express written consent from the recipient to make such call.

**Artificial & Prerecorded Voice Class:** All individuals in the United States who received a call made by or on behalf of Defendant to the individual's cellular or residential telephone through the use of an artificial or pre-recorded voice, from October 16, 2013 to the date that class notice is disseminated, where Defendant's records fail to indicate prior express written consent from the recipient to make such call.

**IDNC Class:** All persons within the United States who, 30 days or more after requesting Defendant cease all calls, received any calls from Defendant, from October 16, 2013 to the date that class notice is disseminated.

50.     The following individuals are excluded from the Class: (1) any Judge or Magistrate

presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries,

parents, successors, predecessors, and any entity in which Defendant or its parents have a

controlling interest, and its current or former employees, officers, and directors; (3) Plaintiff's

counsel and Defendant's counsel; (4) persons who properly execute and file a timely request for

exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded

persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated

and/or released.

51.     This suit seeks only damages, statutory penalties, and injunctive relief for recovery

of economic injury on behalf of the Class, and it expressly is not intended to request any recovery

for personal injury and claims related thereto.

52.     Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

53.     Plaintiff and members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through agents, illegally contacted Plaintiff and the Class members *via* their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members.

**B.    NUMEROSITY**

54.     The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear individual joinder is impracticable.

55.     On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definition of the Class.  Members of the Class can be easily identified through Defendant's records.

**C.    COMMONALITY AND PREDOMINANCE**

56.     There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

57.     Common questions for the Class include, but are not necessarily limited to the following:

      (a)     Whether Defendant's conduct violated the TCPA;

      (b)     Whether Defendant or its agent(s) made telephone calls to consumers who did not previously provide Defendant and/or its agents with prior express written consent to receive such phone calls after October 16, 2013;

(c)     Whether members of the class opted out using Defendants automated system, but still continued to receive calls;

(d)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct;

(e)     Whether Defendant or its agent(s) systematically made telephone calls to consumers after October 16, 2013 (other than calls made for emergency purposes or made with the prior express written consent of the called party) using any automatic dialing system or pre-recorded voice to any telephone number assigned to a cellular phone service; and

(f)     Whether Defendant and its agent(s) should be enjoined from engaging in such conduct in the future.

## D.   TYPICALITY

58.     Plaintiff's claims are typical of the claims of the other members of the Class.

59.     Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

## E.   ADEQUATE REPRESENTATION

60.     Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions.

61.     Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

## F.   POLICIES GENERALLY APPLICABLE TO THE CLASS

62.     This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members, and making final injunctive relief appropriate with respect to the Class as a whole.

63.     Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect

to the Class as a whole, not on facts or law applicable only to Plaintiff.

**G.    SUPERIORITY**

64.    This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

65.    The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

66.    Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

67.    Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this FAC.

68.    By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE TCPA, 47 U.S.C. § 227

69.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

70.    Defendant made unsolicited and unauthorized calls using an ATDS or pre-recorded voice to Plaintiff's and the Class Members' cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Plaintiff Class Members.

71.     Defendant made the calls without prior express written consent of the Plaintiff and Plaintiff Class Members.

72.     The calls Defendant placed to Plaintiff invaded Plaintiff's privacy and disrupted his work day.

73.     Plaintiff repeatedly told Defendant he did not wish to receive any further calls, yet Defendant continued to call Plaintiff.  Defendant, therefore, failed to keep and utilize an internal do-not-call list.

74.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

75.     As a result of Defendant's violations of 47 U.S.C. § 227, *et. seq.*, Plaintiff and the Plaintiff Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

76.     Because Defendant had knowledge that Plaintiff and the Plaintiff Class Members did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and Plaintiff Class Members.

77.     Plaintiff and the Plaintiff Class Members are also entitled to and seek injunctive relief prohibiting such

## ATTORNEY'S FEES

78.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

79.     Plaintiff is entitled to recover reasonable attorney fees and requests the attorneys'

fees be awarded.

## JURY DEMAND

80.     Plaintiff, individually and on behalf of the Class, demands a jury trial on all issues

triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Plaintiff Class, pray for the

following relief:

a.     An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Hughes Ellzey, LLP as lead Class Counsel.

b.     An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

c.     An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

d.     An injunction requiring Defendant and its agent(s) to cease all unsolicited telephone calling activities, and otherwise protect the interests of the Class, pursuant to 47 U.S.C. § 227(b)(3)(A);

e.     Pre-judgment and post-judgment interest on monetary relief;

f.     An award of reasonable attorneys' fees and court costs in this action; and

g.     All other and further relief as the Court deems necessary, just, and proper.

Dated:  September 7, 2017.

                            Respectfully Submitted,


                            */s/ Jarrett Ellzey*
                            Jarrett L. Ellzey
                            Texas Bar No. 24040864
                            Hughes Ellzey, LLP
                            2700 Post Oak Blvd., Ste. 1120
                            Galleria Tower I
                            Houston, Texas 77056
                            Phone: (713) 554-2377
                            Fax: (888) 995-3335
                            E-Mail: jarrett@hughesellzey.com


W. Craft Hughes
Texas bar No. 24046123
Deola Ali
Texas bar No. 24071940
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335
E-Mail: craft@hughesellzey.com
           deola@hughesellzey.com

**ATTORNEYS FOR PLAINTIFF**
**AND THE PROPOSED CLASS**